In the Matter of PRESTON FARMS, INC., Appellant, v. ANGELO NACRI, Doing Business as EMPIRE FARMS, et al., Respondents.— Appeal from a judg-ment of the Supreme Court at Special Term, entered January 16, 1973 in Ulster County, which dismissed petitioner's application in a special proceeding seeking an order directing the Sheriff of Ulster County to pay over the sum of $5,441.04 plus interest from surplus moneys held by the Sheriff as the result of an execu-tion sale of realty owned by Angelo Nacri doing business as Empire Farms

against whom petitioner had obtained a judgment. On May 16, 1968, petitioner obtained a judgment in the Supreme Court, Wayne County, against Angelo Nacri doing business as Empire Farms in the amount of $5,441.04. This judgment was docketed in the office of the Clerk of the County of Ulster on February 24, 1969. On June 1, 1971, the Sheriff of the County of Ulster sold certain real property owned by the judgment debtor, which sale, made pursuant to CPLR 5236, resulted in surplus moneys of approximately $15,000. CPLR 5236 (subd. [c]) provides for the posting and publishing of a notice of the sale and also the service by the Sheriff, at least 30 days prior to the day fixed for the sale, a copy of the notice of sale on every judgment creditor whose judgment was a lien on the real property to be sold. CPLR 5236 (subd. [e]) provides that " A judgment creditor duly notified pursuant to subdivisions (c) or (d) who fails to deliver an execution to the sheriff prior to the sale shall have no further lien on the property and, except as against the judgment debtor, no further interest in the proceeds of the sale ", and as to the disposition of the proceeds of the sale, CPLR 5236 (subd. [g]) provides: " After deduction for and payment of fees, expenses and any taxes levied on the sale, transfer or delivery, the sheriff making a sale of real property pursuant to an execution shall, unless the court otherwise directs, 1. distribute the proceeds to the judgment creditors who have delivered executions against the judgment debtor to the sheriff before the sale, which executions have not been returned, in the order in which their judgments have priority, and 2. pay over any excess to the judgment debtor." Petitioner admits that it received notice of the Sheriff's sale, and that it failed to deliver an execution to the Sheriff prior to the sale. On January 28, 1972 and August 2, 1972 petitioner issued executions against the judgment debtor and sought satisfaction thereof out of the surplus moneys derived from the Sheriff's sale. The Sheriff refused to honor these executions. Petitioner then brought this proceeding seeking an order directing the Sheriff of Ulster County to pay to petitioner the sum of $5,441.04 plus interest from May 16, 1968 out of the proceeds of the sale held on June 1, 1971. The answering affidavit states that the Sheriff of Ulster County has not honored the executions because petitioner did not deliver an execution prior to sale as provided by CPLR 5236, and that the Sheriff has no authority to pay any part of said surplus to petitioner since CPLR 5236 provides that " any excess shall be paid over to the judgment debtor." Special Term agreed with the Sheriff and dismissed the petition. Although a notified judgment creditor who fails to deliver an execution to the Sheriff prior to the Sheriff's sale of real property belonging to the judgment debtor loses his lien on the property to be sold and forfeits his right to participate in the proceeds of the sale as against levying judgment creditors (*Meadow Brook Nat. Bank* v. *Goodkin,* 53 Misc 2d 1099, affd. 28 A D 2d 648), it is clear from the provisions of CPLR 5236 (subds. [e], [g]) that, although any excess proceeds of the sale are, "unless the court otherwise directs", to be turned over to the judgment debtor, they are, nevertheless, not immune from application to the judgments of his other creditors, including any judgment creditor who failed to issue an execution following receipt of the notice of sale (6 Weinstein-Korn-Miller, N. Y. Civ. Prac. par. 5236.22c; see *Matter of Barbaro* v. *Maher,* 56 Misc 2d 650). The ultimate effect of CPLR 5236 is to afford the purchaser at the sale title to the property free from the lien of the judgment and to provide protection to the Sheriff against claims by the judgment creditors who failed to timely serve an execution in the event junior judgment debtors are paid out of the proceeds of the sale. The judgment of a creditor failing to timely serve an execution remains effective as against the judgment

debtor and as against the surplus proceeds of the sale remaining after the payment of the amount of all the judgments for which a timely execution was received by the Sheriff. When CPLR 5525 and CPLR 5527 are read in conjunction with CPLR 5236, it is clear that a Sheriff who is in possession of surplus moneys resulting from the sale of real property belonging to the judgment debtor is, in fact, " a person in possession or custody of money or other personal property in which the judgment debtor has an interest" (CPLR 5225, subd. [b] or " [a] person who it is shown is or will become indebted to the judgment debtor " (CPLR 5227). Accordingly, since the petitioner herein has commenced a special proceeding, and since.it has shown that the respondent Sheriff is in possession of 'money belonging to petitioner's judgment debtor, the judgment appealed from should be reversed and judgment should be entered in favor of petitioner. Judgment reversed, on the law and the facts, without costs, and judgment directed to be entered in favor of petitioner in the sum of $5,441.04, together with interest from May 16, 1968. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.