■ EASTERN FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff, v JOHN W. SABATINE et al., Defendants. In the Matter of NEW. YORK STATE TAX COMMISSION, Appellant, v CHARLOTTE SABATINE, et al., Respondents.—In a turnover proceeding pursuant to CPLR 5225 (subd [b]) and 5227, petitioner appeals from so much of an order of the Supreme Court, Nassau County, entered October 12, 1979, as denied its petition and directed the county treasurer to issue a check to John G. Dalton, Jr., as attorney for Charlotte Sabatine. Order reversed insofar as appealed from, on the law, without costs or disbursements, petition granted, and the county treasurer is to turn over to petitioner so much of the surplus money of Charlotte Sabatine as is sufficient to satisfy the tax judgment. In 1976 real property owned by John and Charlotte Sabatine was sold pursuant to a mortgage foreclosure action. The surplus money was deposited with the Nassau County Treasurer on October 18, 1976 and January 3, 1977. In March, 1977 the New York State Tax Commission docketed a judgment against Charlotte Sabatine in the Nassau County Clerk's office and filed a lien against the real property. However, it failed to file a notice of claim as required by section 1361 of the Real Property Actions and Proceedings Law. In June, 1977 the sale of the real property was confirmed by order of the Supreme Court, Nassau County. By order dated August 2, 1978, the court ordered payment to judgment creditors who filed timely notices of claim. No payment was made to the tax commission, as it had failed to file a notice of claim pursuant to section 1361 of the Real Property Actions and Proceedings Law, and the residual surplus money was ordered released to Charlotte Sabatine's attorney. Thereafter, the tax commission commenced a special proceeding pursuant to CPLR 5225

(subd [b]) and 5227, for an order directing the county treasurer to turn over so much of the surplus money as was sufficient to satisfy the tax judgment. The application was denied. This was error. The money being held by the county treasurer was money belonging to Charlotte Sabatine, the judgment debtor, as all other money had been paid to judgment creditors who properly filed notices of claim. Thus, it was a proper subject for a proceeding pursuant to CPLR 5225 (subd [b]) and 5227 (cf. *Matter of Preston Farms v Nacri,* 42 AD2d 668). Gulotta, J. P., Margett, O'Connor and Weinstein, JJ., concur.