OPINION OF THE COURT
Robert Roberto, Jr., J.
This motion for an order granting reargument is granted. Upon reargument, the order of this court dated March 17, 1991 is modified to the following extent only: the claims of European American Bank & Trust Company (EAB) and National Bank of North America (National), previously rejected for failure to docket judgments in the Nassau County Clerk’s office (Clerk’s office), are now rejected for failure to file notices of claims in the Clerk’s office.
EAB possesses a judgment in the amount of $4,855.54, docketed in the Clerk’s office on May 10, 1982; National possesses a judgment in the amount of $1,809.83, docketed in the Clerk’s office on December 10, 1982.
The Referee appointed to ascertain and report the amounts due to various claimants in this surplus money proceeding determined that EAB and National’s claims should be disallowed for failure to file notices of claims in the Clerk’s office. RPAPL 1361 provides that any person claiming surplus money arising from the sale of mortgaged premises may file a written notice of claim with the clerk before the report of sale is confirmed. EAB and National contend that filing a claim is "optional” because both banks possessed judgments docketed in 1982. Judgments docketed prior to the delivery of the Referee’s deed in a mortgage foreclosure are liens on the realty that are transferred to the surplus money (Warwick Sav. Bank v Long Is. Ch. Knights of Columbus Social Serv., 253 App Div 276).
Thus, the issue to be resolved in this action is whether a written notice of claim needs to be filed with the clerk, notwithstanding that claimants possessed docketed judgments on the realty. Although no direct case on point has been found, in Eastern Fed. Sav. & Loan Assn. v Sabatine (76 AD2d 899, appeal dismissed 53 NY2d 839), the Appellate Division, Second Department, in ruling that any surplus money remaining after payment to judgment creditors who filed timely *984 notices of claim was a proper subject for a turnover proceeding, did not overrule or criticize a lower court’s decision to reject payment on a judgment docketed by the New York State Tax Commission because the Tax Commission had failed to file a notice of claim with the County Clerk.
Thus, it is hereby ordered that the Treasurer of the County of Nassau distribute the surplus money in the following order:
(1) To Gerald J. Barre, Esq., the Referee appointed to ascertain and report the amounts due to various claimants in this surplus money proceeding, the sum of $1,018.82 as disbursements, and the sum of $7,500 for legal services rendered;
(2) To David J. Turbidy, Esq., the Referee appointed to compute and to conduct the sale of the premises, the sum of $761.49 for reimbursement of income taxes paid on the surplus money’s interest-bearing bank account mistakenly opened under his personal Social Security number;
(3) To Worrom Investments, Inc., the sum of $60,000 with interest at 12% per annum from May 15, 1984 until June 17, 1988, minus the sum of $35,000, plus accrued interest on the remaining balance at 12% per annum until date of payment;
(4) To Florence Orlando, the sum of $25,000 with interest at 16% per annum from May 12, 1989 until date of payment;
(5) To Florencio Ortiz, the sum of $1,082.17 with interest at 9% per annum from May 25, 1989 until date of payment;
(6) After the above payments have been paid, the remaining surplus money is to be held for 60 days from date of payment. The remaining surplus money is the proper subject for a turnover proceeding pursuant to CPLR 5225. If no motion is made by a judgment creditor whose claim has not been satisfied, the balance of the surplus money is to be paid to Sheldon Ostro, the owner of the equity of redemption in this action.