In the Matter of ROBERT CARDEW, Appellant, v JOHN GIALANELLA, Respondent, and BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents.
[937 NYS2d 709]—

Malone Jr., J.

We reverse. Undoubtedly, respondent Commissioner of Corrections and Community Supervision is granted broad discretion to implement policies relating to the management of correctional facilities, including fiscal control (*see* Correction Law § 112; *Matter of Nardi v LeFevre*, 235 AD2d 602, 602 [1997], *lv denied* 89 NY2d 817 [1997]; *Matter of Allah v Coughlin*, 190 AD2d 233, 236 [1993], *lv denied* 82 NY2d 659 [1993]). However, just as well settled is the principle that an administrative agency may not adopt regulations that are inconsistent with statutory language or its underlying purposes (*see generally Matter of Allstate Ins. Co. v Rivera*, 12 NY3d 602, 608 [2009]; *Matter of County of Westchester v Board of Trustees of State Univ. of N.Y.*, 32 AD3d 653, 655 [2006], *mod* 9 NY3d 833 [2007]; *Matter of Gilligan v Stone*, 20 AD3d 697, 700 [2005]). As applicable here, the dictates of CPLR 5225 (b) are unequivocal—where a person is in possession of money in which a judgment debtor has an interest, upon the commencement of a special proceeding, "the court shall require such person to pay the money" to the judgment creditor. Inasmuch as petitioner demonstrated that DOCCS is in possession or custody of money belonging to Gialanella, Supreme Court erred in dismissing the petition (*see generally Eastern Fed. Sav. & Loan Assn. v Sabatine*, 76 AD2d 899 [1980], *appeal dismissed* 33 NY2d 839 [1981]; *Matter of Preston Farms v Nacri*, 42 AD2d 668 [1973]).

Mercure, A.P.J., Peters, Kavanagh and McCarthy, JJ., concur. Ordered that the order is reversed, without costs, petition granted and the Department of Corrections and Community Supervision is ordered to pay to petitioner all money encumbered from respondent John Gialanella's inmate account pursuant to petitioner's October 2002 judgment.