2013 COA 8

**TCF EQUIPMENT FINANCE, INC.,
a Minnesota corporation,
Plaintiff–Appellee,**

v.

**PUBLIC TRUSTEE FOR the CITY
AND COUNTY OF DENVER,
Appellant–Garnishee.**

No. 12CA0345.

Colorado Court of Appeals,
Div. III.

Jan. 17, 2013.

Douglas D. Koktavy, P.C., Douglas D. Koktavy, Denver, Colorado, for Plaintiff–Appellee.

Douglas J. Friednash, City Attorney, Patrick A. Wheeler, Assistant City Attorney, Denver, Colorado, for Appellant–Garnishee.

Opinion by Judge NIETO.*

¶ 1 Appellant–Garnishee, the Public Trustee for the City and County of Denver (Public Trustee), appeals the trial court order upholding a writ of garnishment served by the Appellee–Garnishor, TCF Equipment Financial (TCF), for the purposes of collecting on a judgment against a judgment debtor, Matthew Gold, whose property had been foreclosed upon by the Public Trustee. We affirm.

## I. Background

¶ 2 TCF obtained a judgment against Gold that was not satisfied. Pursuant to this judgment, TCF seized Gold's commercial equipment, which satisfied a portion, but not all, of its judgment.

¶ 3 A month prior to the entry of judgment, Gold's real property was foreclosed upon by the mortgaging bank, and the foreclosure sale yielded substantial excess funds. After the bank redeemed, and with no junior lien holders entitled to redeem, the redemption period expired and the excess funds were held in escrow by the Public Trustee. *See* § 38–37–113(2), C.R.S.2012 (funds "shall be held as custodial funds for the party enti-tled to receive such moneys"). The parties agree that TCF could not have filed a notice to redeem, or attempted to participate in the foreclosure sale because the foreclosure pre-dated the judgment. *See* § 38–38–111(2), C.R.S 2012. However, after the redemption period expired, but before any funds were returned to the judgment debtor, TCF sought to garnish the funds held by the Public Trustee.

¶ 4 During a non-evidentiary hearing on the matter, the Public Trustee argued that "[f]oreclosure law spells out who is entitled ... to get excess funds," and that pursuant to § 38–38–111(2), the Public Trustee has a legal obligation to return any excess funds to the judgment debtor after the redemption period has expired.

¶ 5 The trial court rejected the Public Trustee's contentions, finding that TCF "is not seeking to enforce any judgment lien position as part of the Foreclosure," rather, "[TCF] is seeking to garnish the funds remaining *after* the Foreclosure has been completed." Thus, "[TCF] is not seeking to interfere or otherwise gain advantage or a preferred legal position by virtue of the Garnishment." The court further concluded that

> the operation of the foreclosure statute and operation of the garnishment rule can be harmonized by requiring a garnishing creditor wait for completion of a foreclosure and expiration of all redemption periods. Only then, may the garnishor seek to recover a surplus due and owing a foreclosed property owner who is concurrently a judgment debtor in the proceeding where the writ of garnishment issued. Such a procedure safeguards the important and legitimate public interest in allowing public trustee foreclosures to proceed without interference from a creditor or competing creditors.

## II. Garnishment After a Foreclosure Sale

■ ¶ 6 The Public Trustee contends that during a foreclosure proceeding, a judgment creditor cannot utilize garnishment as a means to gain priority over a judgment debt-

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2012.

or because the foreclosure statute clearly specifies that excess proceeds are to be distributed to the judgment debtor pursuant to § 38–38–111(2). We disagree.

¶7 Sections 38–38–101 to –906, C.R.S.2012, govern the process of a foreclosure sale. In situations where excess funds are generated from a foreclosure sale, § 38–38–111, controls how this excess is to be distributed. Section 38–38–111(2) provides, as pertinent here, that

> [u]pon the expiration of all redemption periods ... any remaining overbid shall be paid in order of recording priority to junior lienors, ... who have duly filed a notice of intent to redeem.... A lienor holding a lien that is not entitled to redeem by virtue of being recorded after the notice of election and demand, a lienor that has not timely filed a notice of intent to redeem ..., or a lienor who accepts less than a full redemption ... shall not have any claim to any portion of the overbid. After payment to all lienors and the holder entitled to receive a portion of the overbid pursuant to this section, any remaining overbid shall be paid to the owner.

§ 38–38–111(2); *see also Elrick v. Merrill*, 10 P.3d 689, 698 (Colo.App.2000).

¶8 Garnishment is a remedy in aid of execution of an existing judgment that is set forth by statute and court rules. *See* § 13–54.5–101 to –110, C.R.S.2012; C.R.C.P. 103; *Zurich Ins. Co. v. Bonebrake*, 137 Colo. 37, 38, 320 P.2d 975, 976 (1958). The purpose of garnishment is to reach assets of the judgment debtor in the hands of third parties by determining the ownership of those assets, preventing their loss or dissipation, and providing for their equitable distribution. *See Great Neck Plaza, L.P. v. Le Peep Rests., LLC*, 37 P.3d 485, 488 (Colo.App.2001); *Rocky Mountain Ass'n of Credit Mgmt. v. Hessler Mfg. Co.*, 37 Colo.App. 551, 553 P.2d 840, 843 (1976).

¶9 Specifically, C.R.C.P. 103(13) provides for the garnishment of a public body, and C.R.C.P. 103(2)(a), states, as pertinent here, that a

> [w]rit of garnishment ... means the exclusive procedure through which the personal property ... in the possession or control of a garnishee including ... money owed

to the judgment debtor, ... is required to be held for payment of a judgment debt. C.R.C.P. 103(2)(a).

¶10 Further, § 13–54.5–103(2), entitled Property or Earnings Subject to Garnishment, states that

> [a]ny indebtedness, intangible personal property, or tangible property capable of manual delivery ... owned by the judgment debtor and in the possession and control of the garnishee ... shall be subject to the process of garnishment.

§ 13–54.5–103(2).

¶11 Here, the Public Trustee contends that during foreclosure, § 38–38–111 provides the sole method for a lien holder to collect on a lien against the judgment debtor, and that this lienor cannot use garnishment as a means to access a judgment debtor's excess funds. The Public Trustee further argues that because TCF is a junior lien holder who did not file a notice and intent to redeem before the redemption period ended, TCF cannot redeem pursuant to § 38–38–111(2) and instead, the excess funds must be distributed to the judgment debtor.

¶12 TCF contends that it is a judgment creditor, not a junior lienor, and that § 38–38–111(2) does not provide the sole method to recover excess funds generated from a foreclosure sale. TCF argues that once the redemption period on the foreclosure sale has ended, and all junior lien holders have redeemed, a judgment creditor can garnish excess funds, through C.R.C.P. 103, before any excess is returned to the judgment debtor.

¶13 We agree with TCF's interpretation because the record shows that TCF was not, and never has claimed to be, a junior lienor attempting to redeem in the foreclosure proceeding. It was a judgment creditor attempting to reach funds held by the Public Trustee for the judgment debtor. Therefore, the issue is whether § 38–38–111 should be interpreted to bar the garnishment of the Public Trustee.

¶14 Statutory interpretation is a question of law, which we review de novo. *Hendricks v. People*, 10 P.3d 1231, 1235 (Colo.2000). In interpreting § 38–38–111 our task is to as-

certain and give effect to the intent of the General Assembly. *Dubois v. People*, 211 P.3d 41, 43 (Colo.2009). To discern the legislative intent, we look first to the language of the statute itself, *People v. Summers*, 208 P.3d 251, 253–54 (Colo.2009), and do not presume that the legislature used language idly. *People v. J.J.H.*, 17 P.3d 159, 162 (Colo.2001). In construing statutory language, we read the statute as a whole, with the goal of giving "consistent, harmonious, and sensible effect to all its parts." *Summers*, 208 P.3d at 254 (quoting *People v. Dist. Court*, 713 P.2d 918, 921 (Colo.1986)). "We presume that the General Assembly intends a just and reasonable result that favors the public interest over any private interest, and we will not construe a statute either to defeat the legislative intent or to lead to an absurd or illogical result." *People v. Reed*, 932 P.2d 842, 843 (Colo.App.1996).

¶ 15 Here, consistent with these principles, we interpret § 38–38–111 and the garnishment rules, as not barring a judgment creditor's garnishment claim filed after the close of the redemption period in a foreclosure sale.

¶ 16 We reach this conclusion for the following reasons:

¶ 17 (1) In the foreclosure statute, a lien holder is defined as having a lien solely on the foreclosure property. *See* § 38–38–100.3(11), C.R.S., 2012 (" 'Junior lien' means ... a lien or encumbrance upon *the property* for which the amount due and owing thereunder") (emphasis added). Here, because TCF's judgment post-dated the filing of the notice of election and demand, it could not assert a lien on the property. *See* § 38–38–111(2) ("[a] lienor holding a lien that is not entitled to redeem by virtue of being recorded after the notice of election and demand ... shall not have any claim to any portion of the overbid."). Accordingly, TCF was not a junior lienor in the foreclosure proceeding.

¶ 18 (2) The phrase "shall not have any claim to any portion of the overbid" used in § 38–38–111(2) can only be read as applying to a claim asserted in the foreclosure proceeding. Once the Public Trustee determines that the overbid funds must be paid to the owner, garnishment of those funds is outside of the foreclosure procedure.

¶ 19 (3) Under the garnishment statute, §§ 13–54.5–101 to –110, and C.R.C.P. 103 a judgment creditor can reach the judgment debtor's assets possessed by a third party. *See* C.R.C.P. 103(2)(a) ("[w]rit of garnishment ... means the exclusive procedure through which *the personal property* of any kind ... in the possession or control of a garnishee including ... *money owed* to the judgment debtor") (emphasis added); § 13–54.5–103(2) ("[a]ny indebtedness, intangible personal property, or tangible property capable of manual delivery ... owned by the judgment debtor and in the possession and control of the garnishee ... shall be subject to the process of garnishment.").

¶ 20 (4) All the funds received by the Public Trustee are held as "custodial funds for the party entitled to receive such moneys." § 38–37–113(2). Section 38–38–111, instructs the Public Trustee on the distribution of excess funds in its custody, but it does not contain any provision exempting it from garnishment.

¶ 21 (5) If the legislature had intended to prohibit garnishment actions commenced after a foreclosure sale, it would have included these limitations in the statute, as it has done with other statutes, *see, e.g.*, § 24–51–212(1), C.R.S.2012, ("none of the moneys, trust funds, reserves, accounts, contributions shall be assignable either in law or in equity or be subject to execution, levy, attachment, *garnishment*, bankruptcy proceedings, or other legal process") (emphasis added), or it would have listed the restriction in §§ 13–54–102,–104 with the other garnishment exceptions or with the property exempted from garnishment.

¶ 22 (6) Absent some statutory reason to the contrary, or some compelling reason to so interpret § 38–38–111 we perceive no reason why the Public Trustee should be treated differently than any other entity holding funds of a judgment debtor.

¶ 23 Other jurisdictions have reached similar results, while interpreting similar statutory provisions. In *Preston Farms, Inc. v. Nacri*, 42 A.D.2d 668, 345 N.Y.S.2d 696 (N.Y.App.Div.1973), a judgment creditor who had a valid judgment against the judgment debtor, served an execution of the judgment

on the sheriff holding surplus monies from the judgment debtor's estate sale. The judgment debtor argued, similar to the Public Trustee here, that "the Sheriff has no authority to pay any part of [the] surplus to [the judgment creditor] since [the foreclosure statute] provides that 'any excess shall be paid over to the judgment debtor.'" *Id.* at 698, 345 N.Y.S.2d 696. (citations omitted). The court disagreed, stating

> it is clear from the provisions [of the statute] that, although any excess proceeds of the sale are ... to be turned over to the judgment debtor, they are, nevertheless, not immune from application to the judgments of [the judgment's debtors] other creditors, including any judgment creditor who failed to issue an execution following receipt of the notice of sale.

*Id.; Cardew v. Gialanella,* 92 A.D.3d 1002, 937 N.Y.S.2d 709, 710 (2012) (same); *see also Malbin & Bullock, Inc. v. Hilton,* 401 N.E.2d 719, 722 (Ind.Ct.App.1980) ("the funds in the escrow account are proceeds from the [foreclosure] sale of property by [the judgment debtor] and thus [the judgment creditor] has the right to garnish the escrow account"); *Sandler v. Gilliland,* 605 N.E.2d 1174, 1177 (Ind.Ct.App.1993) (same).

¶ 24 For these reasons, we conclude that (1) TCF is a judgment creditor because it obtained a judgment against Gold to satisfy a monetary debt; (2) the foreclosure statute did not prohibit garnishment actions filed after the termination of the redemption period in a foreclosure sale; (3) the garnishment procedure outlined in C.R.C.P. 103 provides TCF a means for reaching excess funds held by the Public Trustee outside of the foreclosure statute; and (4) the garnishment can only reach funds held by the Public Trustee as custodian for the judgment debtor.

¶ 25 We reject the Public Trustee's argument that permitting it to be garnished will interfere with the administration of foreclosure proceedings. Our holding extends only to excess funds held by the Public Trustee after it has determined through the foreclosure process that such funds should be returned to the judgment debtor. Thus, the foreclosure process will not be impacted by this holding. We express no opinion on the propriety of garnishments of the Public Trustee at any other point in the foreclosure process.

¶ 26 The court's order is affirmed.

Judge RICHMAN and Judge PLANK * concur.