2013 COA 86

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Roger MOORE, Defendant–Appellant.**

### No. 11CA2338

Colorado Court of Appeals, Div. III.

Announced June 6, 2013

Rehearing Denied July 18, 2013 *

---

* Booras, J., would grant.

John W. Suthers, Attorney General, Brock J. Swanson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Dwight L. Pringle, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE KAPELKE *

¶ 1 Defendant, Roger Moore, appeals the judgment of conviction entered upon a jury verdict finding him guilty of impeding a public official or employee in a public building. We vacate the judgment.

## I. Background

¶ 2 Defendant, an attorney, entered the Denver City and County Building and stopped at the security checkpoint, which was operated by the victim, a sixty-one-year-old woman security guard. The victim, who was employed by a private security company, operated a magnetometer and an x-ray machine and was in charge of preventing weapons from entering the building.

¶ 3 While the exact events of the encounter between defendant and the victim resulting in these charges were in dispute, the prosecution elicited the following evidence:

- Defendant arrived at the security checkpoint and complained about being required to go through security.

- He cut in front of another person attempting to go through security and placed several belongings in a bin on the conveyer belt for the x-ray machine.

- He walked through the magnetometer, and attempted to grab the bin containing his belongings, which had not yet passed through the x-ray machine.

- The victim stepped in his way and told him he could not retrieve the bin until it had passed through the x-ray machine.

- Defendant then grabbed the victim, pushed her out of the way, and took the bin.

- Defendant's actions injured the victim's shoulder.

¶ 4 Defendant was arrested and charged with one count of third degree assault against an at-risk victim and one count of impeding a public official or employee in a public building.

¶ 5 Prior to trial, defendant filed a motion to dismiss the second count, asserting that the victim was not a "public official or employee" within in the meaning of section 18–9–110(2), C.R.S.2012. For the purposes of this motion, the parties stipulated to the following facts:

- At the time of this incident, the victim was employed by Hospital Shared Services, Inc. (HSS).

- HSS is a private outsourcing company that provides security services to healthcare facilities and government entities nationwide.

- HSS is not a governmental entity.

- HSS had contracted with the Denver City and County Building to provide security services, including professional security staff stationed at the City and County Building.

- HSS security agents are hired by HSS, compensated by HSS, and must pass an HSS mandated screening process and background check before starting employment with HSS.

¶ 6 After a hearing, the court denied defendant's motion to dismiss. The court held that the word "public" did not modify the word "employee" under the statute and that, therefore, section 18–9–110(2) applies to any employee of a public building. The court

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2012.

noted that in section 18–9–110(1), C.R.S.2012, "the legislature has used the phrase 'public employee', and, under this subsection, the word '[public]' " "is a direct modifier of the word employee." The court further noted that "[t]he fact that [the word "public"] is missing in subsection (2) . . . ha[s] to be given some meaning by the courts." The court went on to state: "Perhaps the legislature recognized that courts, as a general rule, must—must use independent contractors to do the work that their public employees cannot do themselves."

¶ 7 The jury returned a verdict of not guilty on the first count of third degree assault against an at-risk victim, but found defendant guilty on the second count of impeding a public official or employee in a public building. Defendant was sentenced to twelve months probation.

## II. *The People's Mootness Argument*

¶ 8 At the outset we address, and reject, the People's argument that the trial court's denial of defendant's motion to dismiss was rendered moot by the subsequent trial and is no longer reviewable. In denying the motion to dismiss, the trial court construed the statute to permit defendant's prosecution under the statute as a matter of law. The jury did not make its own determination that the victim was covered under the terms of section 18–9–110(2). It was bound by the court's previous determination. The jury's verdict did not therefore render moot the denial of defendant's motion to dismiss or preclude him from challenging his conviction on appeal.

## III. *"Public Employee" Under Section 18–9–110(2)*

¶ 9 On appeal, defendant contends that his judgment of conviction cannot stand because the victim was not a "public employee," which is a prerequisite to establishing criminal liability under the statute. We agree.

¶ 10 Section 18–9–110(2) states that "[n]o person shall, at or in any such public building, willfully impede any *public official or employee* in the lawful performance of duties or activities through the use of restraint, abduction, coercion, or intimidation or by force and violence or threat thereof." § 18–9–110(2) (emphasis added).

¶ 11 Statutory interpretation is a question of law, which we review de novo. *TCF Equipment Finance, Inc. v. Public Trustee,* 2013 COA 8, ¶ 14, 297 P.3d 1048. Our task in interpreting section 18–9–110(2) is to ascertain and give effect to the intent of the General Assembly. *Dubois v. People,* 211 P.3d 41, 43 (Colo.2009). To discern the legislative intent, we look first to the language of the statute itself, *People v. Summers,* 208 P.3d 251, 253–54 (Colo.2009), and do not presume that the legislature used language idly. *People v. J.J.H.,* 17 P.3d 159, 162 (Colo.2001).

¶ 12 "A reviewing court begins the analysis with the plain language of the statute. If the statute is clear and unambiguous on its face, then the court need look no further." *People v. Valenzuela,* 216 P.3d 588, 590 (Colo.2009) (citing *People v. Luther,* 58 P.3d 1013, 1015 (Colo.2002)). If the statute is ambiguous, the court looks to the statute's legislative history, the consequences of a given construction, and the overall goal of the statutory scheme to determine the proper interpretation of the statute. *People v. Cooper,* 27 P.3d 348, 354 (Colo.2001).

¶ 13 Here, the statute is unambiguous and we therefore give its terms their plain meaning. Accordingly, we interpret the phrase "public official or employee" in section 18–9–110(2) to apply only to a victim who is either an official or an employee of a public entity. Contrary to the trial court's reading, the adjective "public" modifies both "official and employee." To construe the word "employee" as meaning anyone who is *employed,* regardless of whether his or her employer is a private contractor or a governmental entity is contrary to the plain meaning of the statute. Under the broad interpretation given by the trial court, a person could be prosecuted for impeding *anyone* in performing his or her lawful duties or activities, even if, as here, the victim is employed by a private entity. We cannot conclude that the General Assembly intended to cast such a broad net.

¶ 14 Moreover, had the legislature intended that the statute cover victims who were not public employees, it could have done so

by express language—for example, by defining a "public employee" as any person carrying out the duties or functions of a public employee in a public building. As discussed, the parties had stipulated that the victim here is employed by a private entity that contracted with the City and County of Denver, and there is no indication in the record that the public entity controlled the victim's performance of her duties.

¶ 15 In *Henisse v. First Transit, Inc.*, 247 P.3d 577 (Colo.2011), the supreme court, in analyzing section 24–10–108, C.R.S.2012, determined that a privately employed RTD bus driver was not considered a "public employee" under the Colorado Governmental Immunity Act and therefore was not entitled to immunity from tort liability totaling more than $150,000. In rejecting the immunity argument, the supreme court applied the common law test for determining whether one is an "employee," namely, whether the putative employer had the right to control the details of the individual's job performance. The court held there that the RTD driver was not a "public employee" under the control test.

¶ 16 Similarly, here, the record would not support a finding that the victim was an employee of the City and County of Denver under the control test. The victim was an employee of a private security contractor.

¶ 17 Accordingly, we conclude that, because the victim here was not a public employee, defendant's conviction under section 18–9–110(2) cannot stand.

¶ 18 The judgment of conviction is therefore vacated.

JUDGE FURMAN concurs.

JUDGE BOORAS dissents.

JUDGE BOORAS dissenting.

¶ 19 I respectfully dissent from the majority opinion because, in my view, the victim here qualifies as a "public employee" within the meaning of section 18–9–110(2), C.R.S. 2012.

¶ 20 Under section 18–9–110(2), no person shall in a public building,

willfully impede any public official or employee in the lawful performance of duties or activities through the use of restraint, abduction, coercion, or intimidation by force and violence or threat thereof.

I agree with the majority that in this statute "public" modifies both official and employee. However, I believe that the term "public employee" includes independent government contractors and their employees.

¶ 21 The majority reasons that to qualify as a "public employee" a person must be employed by the government. However, a similar term, "public servant," does not require employment by the government. By statutory definition, "public servant" includes "any officer or employee of government, whether elected or appointed, *and* any person participating as an advisor, consultant, process server, or otherwise in performing a governmental function." § 18–1–901(3)(*o*), C.R.S.2012 (emphasis added). It appears that a "public servant" is a subset of the broader category "public employee." Because the screener performed the governmental function of screening entrants into the City and County Building for security threats, although not an employee of government, she qualified as a "public servant" under section 18–1–901(3)(*o*), and thus also as a public employee.

¶ 22 In a different context, section 24–10–103(4)(a), C.R.S.2012, although expressly limited to article 10 of title 24, provides a broad definition of "public employee," which includes "public servant" and is not restricted to an employee of government:

"Public employee" means an officer, employee, servant, or authorized volunteer of the public entity, whether or not compensated, elected, or appointed, but does not include an independent contractor or any person who is sentenced to participate in any type of useful public service.

Since an independent contractor is specifically excluded from section 24–10–103(4)(a), an employee of an independent contractor would not be entitled to immunity from tort liability under the Colorado Governmental Immunity Act. *Henisse v. First Transit, Inc.*, 247 P.3d 577, 581 (Colo.2011). However, the statute at issue in this case has no express exclusion

for independent contractors. Without an express exclusion for independent contractors acting as public servants, it appears that independent contractors would be included as public employees since there would have been no need otherwise to specifically exclude them in section 24–10–103(4)(a). *See TCF Equipment Finance, Inc. v. Public Trustee,* 2013 COA 8, ¶21, 297 P.3d 1048 ("[i]f the legislature had intended to prohibit garnishment actions commenced after a foreclosure sale, it would have included these limitations in the statute, as it has done with other statutes").

¶ 23 Moreover, construing the term "public employee" for purposes of section 18–9–110(2) to include a security screener, employed by a private entity, but performing a governmental function in a public building appears consistent with the purpose of the statute. As defendant acknowledges on appeal, the statute at issue here prohibits interference with governmental functions in public buildings. In my view, the plain language of the statute does not require a distinction between security officers, employed directly by the public entity, and security officers, working in the same capacity, employed by a private security firm under contract with the public entity.

¶ 24 Accordingly, I respectfully dissent.