2015 CO 10

**Eric Marcus DOYLE, Petitioner**

v.

**The PEOPLE of the State of Colorado, Respondent**

**Supreme Court Case No. 13SC447**

Supreme Court of Colorado.

February 17, 2015

Attorneys for Petitioner: Douglas K. Wilson, Public Defender, Adam Mueller, Deputy Public Defender, Denver, Colorado.

Attorneys for Respondent: Cynthia H. Coffman, Attorney General, Jillian J. Price, Assistant Attorney General, Denver, Colorado.

JUSTICE COATS delivered the Opinion of the Court.

¶ 1 Doyle petitioned for review of the court of appeals' judgment affirming his conviction for violating a condition of his bail bond. *See People v. Doyle*, 2013 COA 68, —— P.3d ——. At the request of the prosecution, the trial court took judicial notice of the fact that defendant Doyle failed to appear in court on a particular day, as mandated by the relevant condition of his bond. The court instructed the jury, accordingly, noting that although it need not accept this judicially noticed fact as true, a judicially noticed fact is one which the court has determined to be not the subject of reasonable dispute and one which the court has accepted as true.

¶ 2 Because the resolution of a factual matter at issue in a prior judicial proceeding, unlike the occurrence of the legal proceeding or other court action itself, does not become an indisputable fact within the contemplation of CRE 201 merely as a result of being reflected in a court record, the trial court erred in taking judicial notice that the defendant failed to appear in court on a particular day. Because the jury was instructed that this judicially noticed fact was not subject to reasonable dispute and had already been accepted as true by the court, the error was not harmless, notwithstanding proper admission into evidence of a court record reflecting the court's earlier finding to that effect. The judgment of the court of appeals is therefore reversed and remanded with directions to order a new trial.

## I.

¶ 3 Eric Doyle was charged with theft and conspiracy to commit theft in connection with an attempt to sell a water pump to a scrap metal processor. A charge of violating a condition of his bail bond, as proscribed by section 18–8–212(1), C.R.S. (2014), was added for failing to appear in court on March 8, 2011, which had been made a condition of his bond from the original charges. The defendant was acquitted of the theft and conspiracy charges but convicted of violating a condition of his bond, for which he was sentenced to a term of twelve months in the custody of the Department of Corrections.

¶ 4 On the defendant's motion, trial of the charges was bifurcated, allowing the jury to hear of the charge of violating a bail bond condition only after it had reached a verdict on the theft and conspiracy charges. At the second phase of the bifurcated trial, the prosecution offered a single exhibit, which included certified copies of the defendant's appearance bond, indicating as the primary condition of the bond that the defendant appear in court on March 8, 2011; a waiver of extradition, signed by the defendant and notarized by a deputy sheriff; and finally a notice of bail forfeiture directed to the defendant's surety company, notifying the surety that "on 03/08/2011 because of [the defendant's] failure to appear in accordance with the primary condition of the bond, the court ordered that the bond ... in the amount of $3,000.00 be forfeited." The exhibit was admitted into evidence without objection.

¶ 5 Following admission of this exhibit, the prosecution asked the court to take judicial notice of its file in the case, and specifically the fact that the defendant "was accused by information of the commission of the offense of theft and conspiracy to commit theft and that [he] failed to appear on March 8th of 2011 when called upon to appear by the Court." Over the defendant's objection, the trial court acceded to the prosecution's request and instructed the jury accordingly. The court gave the following instruction:

A judicially noticed fact is one which the Court determines is not subject to reasonable dispute and which the court has accepted as being true. You may or may [not] accept this fact as true. You may weigh it as you would any other evidence, and in this case I do take judicial notice of the following two facts: The defendant [Doyle] was accused of theft and conspiracy to commit theft in the Information 11CR685; and he was required to appear

in court on March 8, 2011, and failed to appear.

¶6 On direct appeal of his conviction for violating a condition of his bail bond, the defendant renewed, among other assignments of error, his objection to the trial court's taking judicial notice of his nonappearance. Rejecting arguments that facts contained within a court record are not themselves adjudicative facts beyond reasonable dispute within the contemplation of CRE 201, and that taking notice of facts comprising elements of a charged crime amounted to directing a verdict against the defendant, the court of appeals found the trial court's actions to have been within its discretion, rather than usurping the jury's fact-finding function.

¶7 The defendant then petitioned this court for a writ of certiorari.

## II.

■ ¶8 Judicial notice of adjudicative facts in this jurisdiction is now governed by Rule 201 of the Colorado Rules of Evidence. *See* CRE 201(a). Although a court is obligated to take judicial notice if requested to do so and supplied with the necessary information by a party, CRE 201(d) ("When mandatory"), the only kinds of adjudicative facts that may be judicially noticed are ones "not subject to reasonable dispute," either because they are "generally known within the territorial jurisdiction of the trial court" or because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," CRE 201(b) ("Kinds of facts"). In addition, with regard to the effect of taking judicial notice, unlike in civil actions or proceedings, in which the court is to instruct the jury to accept as conclusive any fact judicially noticed, the rule expressly requires that "[i]n a criminal case, the court shall instruct the jury that it may,

but is not required to, accept as conclusive any fact judicially noticed." CRE 201(g) ("Instructing jury").

■ ¶9 While we have referred to this rule as generally codifying the common law of judicial notice, *see* CRE 201 committee cmt.; *see also Prestige Homes Inc. v. Legouffe*, 658 P.2d 850, 853 (Colo. 1983), both the scope and content of the rule differ from much of the earlier case law of this jurisdiction concerning judicial notice. Notably, by its own terms the rule only addresses judicial notice of a particular class of facts; it imposes on courts specific procedural prerequisites regarding the right to be heard and jury instructions; it requires, rather than merely permits, courts to take notice under specified circumstances; and in criminal cases, it limits the effect of taking judicial notice in a way never previously suggested in our case law. With regard to facts other than adjudicative facts—and by adjudicative facts, meaning generally the facts of the particular case, as distinguished from, among others, facts with relevance to legal reasoning and the lawmaking process, *see* Fed. R. Evid. 201 advisory committee's note [1]—the rule offers no guidance whatsoever. With regard to the effect of taking judicial notice of adjudicative facts, the rule continues to permit courts, under the enumerated circumstances, to dispense with foundational requirements otherwise required for the consideration of evidence by the fact-finder. However, unlike civil cases, in which the rule continues to mandate that judicially noticed facts be conclusive, the rule expressly, and very purposefully,[2] forbids this effect in criminal cases, mandating instead that the jury be instructed it need not accept a noticed fact as conclusive.

¶10 Notwithstanding a lack of conclusive effect, the rule permits judicial notice of adjudicative facts in criminal cases, every bit as much as in civil cases, only with regard to those facts not subject to reasonable dispute,

---

1. We initially adopted the federal rule in its entirety, as reflected in the committee comment. Slight organizational and wording differences from the current federal rule are the result of subsequent federal amendments in 2011.

2. The federal rule creates a distinction between the effect of judicial notice in criminal and civil cases, which was included in the 1969 draft of Rule 201; however, that language was removed

in the subsequent draft received by Congress from the Supreme Court. H.R. Rep. No. 93–650, at 6–7 (1973). Congress decided to adopt the rule as drafted by the 1969 Advisory Committee, finding that keeping the rule with no distinction—as intended by the Supreme Court—would be "contrary to the spirit of the Sixth Amendment right to a jury trial." *Id.*

either because they are already generally known in the jurisdiction or, as relevant to this case, because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. CRE 201(b). Because virtually any particular source may contain a mistake on virtually any particular point, the notion of an indisputable fact rests less on the infallibility of a specific source and more on the notion that the fact is commonly verifiable, such that an error in any particular source can be easily demonstrated. *See generally* 1 Christopher P. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 2.5 (4th ed. 2014). An opportunity to demonstrate such a mistake prior to judicial notice being taken is now mandated by the rule. The committee comment to Colorado's rule gives as examples of facts readily determined by resort to accurate sources such things as a calendar date, the term of a public office, and matters found in statistical charts.

■ ¶ 11 Case law from the federal courts, and other jurisdictions with rules substantially similar to Rule 201 of the Federal Rules of Evidence, is replete with examples of court records having been recognized as adequate sources for judicially noticeable facts. *See generally id.* (noting that it is commonplace and citing case law examples of courts taking judicial notice of court records including indictments, transcripts, briefs and other filed papers, convictions, pleas, court orders, settlements, judgments, sentencing and terms of sentence, and affirmance or reversal on appeal, including records in related proceedings or prior proceedings involving one or more of the parties now before the court). While there appears to be little question concerning judicial notice of the occurrence or operable effect of various judicial actions or proceedings as evidenced by court record, *see, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (noting that the court could take judicial notice of another court's opinion for the purpose of showing its existence, which is not "subject to reasonable dispute"); *United States v. Garland*, 991 F.2d 328, 332 (6th Cir. 1993) (taking judicial notice of a foreign criminal judgment to prove its existence); *Liberty Mut. Ins. Co. v. Rotches Pork Packers,* *Inc.,* 969 F.2d 1384, 1388 (2d Cir. 1992) (noting that the court may take judicial notice of a document filed in another court to establish the fact that such litigation occurred), taking judicial notice of acts or conditions that were the subject of prior litigation, including court findings and conclusions, for no greater reason than their reflection in court records is quite another matter, *see, e.g., Lee*, 250 F.3d at 690 (finding that the court erred by taking judicial notice of another court's opinion for the truth of the facts recited therein); *Furnari v. Warden, Allenwood Fed. Corr. Inst.*, 218 F.3d 250, 255 (3d Cir. 2000) (declining to take judicial notice of an affidavit for the truth of the statements it contained); *Liberty*, 969 F.2d at 1388 (stating that court cannot take judicial notice of a document for the truth of the matters asserted in the other litigation). Whether or not facts asserted, or even accepted as proven, in other judicial proceedings might be admissible for their truthfulness or accuracy according to rules governing hearsay evidence; and whether or not particular parties might be precluded from relitigating particular claims or issues according to res-judicata-related doctrines; the mere reflection of an adjudicative fact in a court record in no way places the truth or accuracy of that fact beyond reasonable dispute, within the contemplation of Rule 201.

■ ¶ 12 In the past, both before and since adoption of the rule, it has frequently been said that a court may take judicial notice of "its own records." *See, e.g., Massey v. People*, 649 P.2d 1070, 1073 (Colo. 1982); *Kostal v. People*, 167 Colo. 317, 447 P.2d 536, 537 (Colo. 1968) (taking judicial notice "of our own records"). Although Rule 201 actually permits notice of adjudicative facts rather than sources of those facts, it is clearly both convenient and permissible for courts to recognize their own records, often in the same or related cases, as establishing that various proceedings or actions have already taken place. However, the fact that the records being relied on are records of the same court, or even that they involve the same or related cases, does not, in and of itself, distinguish them from other court records as sources whose accuracy cannot reasonably be questioned. By the same token, neither does the

identity of courts, parties, or issues, in and of itself, enhance the reliability of, much less place beyond reasonable dispute, the accuracy of adjudicative facts reflected in a court record. While we may not have always precisely articulated the distinction, at least where it has not directly impacted an outcome, between judicial notice and various estoppel-related doctrines that actually are premised upon the identity of parties or issues, *see, e.g., Mun. Subdistrict v. OXY USA, Inc.,* 990 P.2d 701, 711 (Colo. 1999), it is nevertheless clearly the case that the basis and requisites of judicial notice are quite distinct from the basis and requisites for barring a party from asserting or disputing particular facts. Rule 201 of the Colorado Rules of Evidence only provides for judicial notice of adjudicative facts not subject to reasonable dispute by reason of their general acceptance or ready verifiability.

¶ 13 In the instant case, the trial court did not merely take judicial notice of court records evidencing the legal conditions of the defendant's bond, the existence of a prior court determination that he did not appear, or the resulting forfeiture of his bond, the operable effect of that finding. Significantly, it took judicial notice of the material adjudicative fact that the defendant actually failed to appear on March 8, 2011. This fact clearly went beyond the conditions of the defendant's bond, the court's finding of a failure to appear, or even the operable effect of that finding. It extended to the accuracy of the court's finding at that prior proceeding, a matter as to which the court record itself was not a source whose accuracy was beyond reasonable question. The trial court therefore erred in taking judicial notice of the fact that the defendant did not appear at the proceeding, as distinguished from merely taking notice of its own prior finding and the effect of that finding, as reflected in court records.

### III.

■ ¶ 14 The People further argue that even if taking judicial notice in this case was error, the facts noticed by the court were merely cumulative of sufficient and properly admitted evidence, rendering the error harmless. In taking judicial notice, however, the trial court did not merely relieve the prosecution of laying an otherwise required foundation for the admission of cumulative evidence; rather, it instructed the jury both that the court accepted a material fact as true and that it would be unreasonable for the jury to dispute the truth or accuracy of that fact.

¶ 15 Although the specific language of the court's instruction concerning its own assessment of the noticed fact and the reasonableness of finding otherwise has long been included in the pattern jury instructions of this jurisdiction, *see* COLJI–Crim. 4:10 (1983), which, at the time of this case, presented this instruction as a mandate of CRE 201, COLJI–Crim. 4:10 Notes on use (1983), this additional language goes beyond the dictate of the rule. In fact, it effectively converts what could be understood as an intent to render judicially noticed facts in criminal cases nothing more than permissive inferences, into a mandate to instruct the jury that it is not bound to accept a judicially noticed fact for the sole reason that it retains the power, however unreasonably, to nullify. Whatever the merits of this instruction, it clearly postures the judicially noticed fact in this case as something more than cumulative evidence.

■ ¶ 16 Error cannot be harmless if there exists a reasonable possibility that it affected the verdict. *Krutsinger v. People,* 219 P.3d 1054, 1058 (Colo. 2009). Having already succeeded in acquiring admission of documents evidencing a finding of the defendant's failure to appear and the resulting forfeiture of his bond, the prosecution seemingly had nothing but the imprimatur of the court to gain by requesting that it also take judicial notice of the defendant's failure to appear. The prosecution's argument before this court that taking judicial notice as the trial court did was necessarily without added effect is clearly at odds with its apparent purpose for requesting judicial notice in the first place. The extent to which it may be appropriate for a criminal court in this jurisdiction to offer its opinion concerning evidence before a jury, *see generally* Annotation, *Scope and Application of Rule Which Permits Judge in Criminal Case to Comment on Weight or Significance of Evidence,* 113 A.L.R. 1308 (1938), and the propriety of COLJI–Crim. 4:10 (1983) generally, are questions that need not be resolved in the

case before us today. It is enough that instructing the jury as the court did with regard to erroneously noticed facts precludes a finding that there exists no reasonable possibility the error affected the jury's verdict.

## IV.

¶ 17 Because the resolution of a factual matter at issue in a prior judicial proceeding, unlike the occurrence of the legal proceeding or other court action itself, does not become an indisputable fact within the contemplation of CRE 201 merely as a result being reflected in a court record, the trial court erred in taking judicial notice that the defendant failed to appear in court as required by a condition of his bond. Because the jury was instructed that this judicially noticed fact was not subject to reasonable dispute and had already been accepted as true by the court, the error was not harmless, notwithstanding the proper admission into evidence of a court record reflecting the court's earlier finding to that effect. The judgment of the court of appeals is therefore reversed and remanded with directions to order a new trial.