COLORADO COURT OF APPEALS                                    **2016COA161**

Court of Appeals No. 15CA0652
Weld County District Court No. 13CR1668
Honorable Shannon D. Lyons, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Billy Jack Sena,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE RICHMAN
Bernard and Fox, JJ., concur

Announced November 3, 2016

Cynthia H. Coffman, Attorney General, Kevin E. McReynolds, Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Douglas K. Wilson, Colorado State Public Defender, Katherine Brien, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1 Defendant, Billy Jack Sena, appeals the judgment of conviction entered upon a jury verdict finding him guilty of one count of attempt to influence a public servant. We affirm the conviction.

## I. Background

¶ 2 According to the prosecution's evidence, defendant was a passenger in his cousin's vehicle when Greeley Police Officer Bridge stopped the vehicle for a traffic infraction. When asked to identify himself by Officer Pfeiler, who had arrived to assist with the stop, defendant provided the name of a relative (Robert Velasquez) and a birth date that was not defendant's. Finding no outstanding warrants for the driver or for Robert Velasquez, the police allowed defendant and his cousin to proceed with a warning.

¶ 3 Officer Pfeiler decided to further investigate the passenger because dispatch had reported no record of a person with the given name and date of birth. As he investigated, Officer Pfeiler viewed an enlarged picture of defendant, who shares a last name with the driver. Not long after defendant departed in the vehicle, Officer Pfeiler showed defendant's picture to Officer Bridge, and the officers agreed with certainty that the passenger of the car had been

1

defendant, not "Robert Velasquez." Officer Pfeiler then located an active arrest warrant for defendant issued from an adjacent county.

¶ 4 The People charged defendant with one count of attempt to influence a public servant, defined in section 18-8-306, C.R.S. 2016. Section 18-8-306 provides, in pertinent part, that "[a]ny person who attempts to influence *any public servant* by means of deceit . . . with the intent thereby to alter or affect the public servant's decision, vote, opinion, or action concerning any matter which is to be considered or performed by him . . . commits a class 4 felony." (Emphasis added.) A jury found defendant guilty of the charge, and the district court sentenced him to 6 months of probation with 90 days in county jail and 100 hours of community service.

## II. Discussion

¶ 5 Defendant contends that (1) the prosecution's evidence was insufficient as a matter of law to support his conviction for attempt to influence a public servant, and (2) the district court erred by taking judicial notice of his outstanding warrant at trial and improperly instructing the jury on judicial notice. We are not persuaded.

## A. Insufficient Evidence

¶ 6    Defendant asserts that there was insufficient evidence to show that (1) Officer Pfeiler is a "public servant," as contemplated in section 18-8-306; and (2) he intended to alter Officer Pfeiler's actions, because there was no evidence that he knew there was a warrant for his arrest.

### 1. Standard of Review

¶ 7    Evidence is sufficient to support a conviction if the direct and circumstantial evidence, viewed as a whole and in the light most favorable to the prosecution, could support a rational trier of fact's conclusion that the defendant is guilty of the offense beyond a reasonable doubt. *Clark v. People*, 232 P.3d 1287, 1291-92 (Colo. 2010). We give the prosecution the benefit of every reasonable inference which may fairly be drawn from the evidence, and we do not consider vague, speculative, or imaginary doubt to be reasonable doubt. *Id.* at 1292. We generally review the record de novo to make this determination. *Id.* at 1291.

¶ 8    Because defendant concedes that he did not raise the first argument at trial, some divisions of this court would reverse only for plain error. *See People v. Lacallo*, 2014 COA 78, ¶¶ 12, 30-31;

*see also People v. McCoy*, 2015 COA 76M, ¶ 70 (Webb, J., specially concurring). But we need not resolve that issue here, because we conclude that the district court did not err.

## 2. Public Servant

¶ 9    On this issue, defendant makes two arguments: (1) a police officer is not a "public servant" as considered in section 18-8-306; and (2) the prosecution did not prove that Officer Pfeiler is a public servant.

## a. Applicable Law

¶ 10    We regard the argument that a police officer is not a "public servant" as contemplated in section 18-8-306 as a question of law, which we also review de novo. *See Doubleday v. People*, 2016 CO 3, ¶ 19. In construing statutory terms, our primary purpose "is to ascertain and give effect to the intent of the General Assembly." *Id.* We do so by looking first to the plain language, giving words and phrases their ordinary meanings. *Id.* We consider each statutory term in the context of the statute, and construe it according to the rules of grammar and common usage. *People v. Diaz*, 2015 CO 28, ¶ 12.

¶ 11     A "public servant," as envisioned in section 18-8-306, is defined as follows: "any officer or employee of government, whether elected or appointed, and any person participating as an advisor, consultant, process server, or otherwise in performing a governmental function, but the term does not include witnesses." § 18-1-901(3)(o), C.R.S. 2016.[1]

### b. Analysis

¶ 12     The plain language of the statute reveals that a police officer, as an employee of the government, is a public servant. The definition provided is expansive; it encompasses *any* employee of the government and even includes non-employees performing government functions. And the definition incorporates language to exclude witnesses, but no other specified class. Accordingly, we cannot conclude that the General Assembly intended to silently exclude police officers from the definition of "public servants."

---

[1] In order to arrive at the definition in section 18-1-901(3)(o), C.R.S. 2016, we start with section 18-8-301(4), C.R.S. 2016, which provides that "'[p]ublic servant', as used in sections 18-8-302 to 18-8-308, includes persons who presently occupy the position of a public servant as defined in section 18-8-101(3)." Section 18-8-101(3), C.R.S. 2016, then provides that "'[p]ublic servant has the same meaning as described in section 18-1-901(3)(o)," where we finally find the definition set forth above.

¶ 13     We are not persuaded otherwise by defendant's elaborate arguments that (1) the phrase "whether elected or appointed" should be construed as words of limitation which would exclude police officers; or (2) because in other statutes police officers are referred to as "peace officers," they cannot also be public servants. Even assuming that the General Assembly intended the phrase "whether elected or appointed" to be words of limitation, hiring for any non-elected public position may be considered an appointment. *See* Black's Law Dictionary 116 (9th ed. 2009) (defining appointment as "[t]he designation of a person, such as a nonelected public official, for a job or duty . . ."). And section 18-8-113(1), C.R.S. 2016, a statute defendant cites, includes the language "a public servant other than a peace officer," indicating that the General Assembly generally considers police officers to be in the category of public servants, but excludes them in that instance.

¶ 14     Moreover, divisions of this court have accepted without question that police officers are public servants under the relevant statute. *See, e.g.*, *People v. Van De Weghe*, 2012 COA 204 (where the defendant was convicted of attempt to influence a public

6

servant when he provided false information to a police officer during a traffic stop).

¶ 15    We conclude that police officers are public servants as contemplated in section 18-8-306, and thus discern no error on this issue.  And a rational trier of fact could conclude that Officer Pfeiler is a public servant from his trial testimony that he is a police officer with the Greeley Police Department.  Accordingly, we conclude that the prosecution presented sufficient evidence to prove that Officer Pfeiler is a public servant.

### 3. Intent

¶ 16    Intent can rarely be proven other than through circumstantial or indirect evidence.  *People v. Serra*, 2015 COA 130, ¶ 83; *see People v. Dist. Court*, 926 P.2d 567, 571 (Colo. 1996).  For the People to prove that defendant intended to alter Officer Pfeiler's actions, the prosecution must only provide sufficient evidence for a rational trier of fact to conclude that defendant anticipated a different result if he had given his true identity.  We note that whether the public servant was actually influenced by the defendant's attempts is not an element of the crime.  *People v. Schupper*, 140 P.3d 293, 298 (Colo. App. 2006).  We conclude that

7

the prosecution presented such evidence here through the following testimony by the officers at trial:

- defendant provided a false name to an officer;

- the false name belonged to defendant's relative;

- the false name provided "no record" on the officers' computer;

- the officers let the driver and defendant drive away;

- the officers' patrol car computer subsequently revealed an outstanding warrant for defendant; and

- the officers agreed with absolute certainty that defendant had been the passenger.

¶ 17    Viewing this evidence as a whole and in the light most favorable to the prosecution, we conclude that a rational juror could find that the prosecution presented sufficient indirect or circumstantial evidence to support a conclusion beyond a reasonable doubt that the defendant intended to deceive Officer Pfeiler and anticipated a different result — that he would be arrested on an outstanding warrant — had he given his true identity.  Hence, a rational juror could find that defendant intended to alter Officer Pfeiler's actions by means of deceit.

## B. Judicial Notice

¶ 18     Defendant next contends that the district court erred by taking judicial notice of the existence of an arrest warrant for defendant at the time he provided false information to Officer Pfeiler.  We are not persuaded.

¶ 19     At the prosecution's request, the district court took judicial notice of the existence of an active Larimer County warrant on the date defendant presented false information to Officer Pfeiler, as verified by a routinely used statewide court database.  Defendant objected.

¶ 20     On appeal, defendant argues that taking judicial notice was error because the warrant was not an adjudicative fact within the scope of CRE 201.  Specifically, we understand him to argue that taking notice of the warrant was not permitted under CRE 201 because the warrant arose in another jurisdiction, the accuracy of the database was subject to reasonable dispute, and judicial notice of the warrant invaded the province of the jury.[2]

---

[2] Defendant further contends that the district court plainly erred by giving the model jury instruction for judicial notice.  We do not review this contention because any error was invited by defendant when he requested and approved the instruction.  *See People v.*

¶ 21    We disagree.

### 1. Standard of Review and Applicable Law

¶ 22    We review a district court's decision to take judicial notice for an abuse of discretion. *Quintana v. City of Westminster*, 56 P.3d 1193, 1199 (Colo. App. 2002). "A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or based on an erroneous understanding or application of the law." *People v. Orozco*, 210 P.3d 472, 475 (Colo. App. 2009).

¶ 23    Generally, a district court has discretion to take judicial notice of an adjudicative fact. *Id.* CRE 201(b) provides that the kind of fact proper for judicial notice "must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The occurrence of legal proceedings or other court actions are proper facts for judicial notice. *See Doyle v. People*, 2015 CO 10, ¶¶ 2, 11.

---

*Zapata*, 779 P.2d 1307, 1309 (Colo. 1989) (a party on appeal may not complain of an error he has injected into the case and the invited error doctrine applies to jury instructions).

## 2. Analysis

¶ 24    That defendant's warrant arose in another jurisdiction is of no consequence, because the existence of the warrant was capable of accurate and ready determination by referring to the statewide court database.

¶ 25    Defendant's assertion that the district court may not take judicial notice of the contents of the database because it may contain inaccurate records is unpersuasive. "[T]he notion of an indisputable fact rests less on the infallibility of a specific source and more on the notion that the fact is commonly verifiable, such that an error in any particular source can be easily demonstrated." *Id.* at ¶ 10. We note that here, until just before trial, defendant had agreed to stipulate to the existence of the warrant for his arrest. Defendant does not argue on appeal, and did not argue at trial, that the database was inaccurate in this instance.

¶ 26    We disagree with defendant that the district court's notice of the warrant improperly invaded the province of the jury. Defendant relies on civil cases and *Doyle* to support the proposition that the court overstepped by taking judicial notice "of facts on the very issue the parties are litigating." *Mun. Subdistrict, N. Colo. Water*

*Conservancy Dist. v. OXY USA, Inc.*, 990 P.2d 701, 711 (Colo. 1999) (district court improperly noticed basis for expert's testimony based on factual findings from a previous case); *see People in Interest of C.A.B.L.*, 221 P.3d 433, 442 (Colo. App. 2009) (district court improperly took judicial notice of the contents of a guardian ad litem report); *see also Doyle*, ¶ 13 (district court erred by taking notice of an inference that the defendant had not appeared at a proceeding based on court records suggesting his absence).

¶ 27　　These cases are inapposite, because each relies on the court taking an additional step beyond notice of the existence of a record. Here, the district court took notice only of the existence of the warrant. And the existence of an arrest warrant is not an element of the offense of attempt to influence a public servant. We conclude that this is an adjudicative fact squarely within the kinds of facts noticeable pursuant to CRE 201. *See Doyle*, ¶ 11 (court records such as briefs, indictments, convictions, and pleas have been recognized as adequate sources for judicially noticeable facts); *see also Slate v. Pub. Defender Serv. for the District of Columbia*, 31 F. Supp. 3d 277, 288 (D.D.C. 2014) (court may take judicial notice of an arrest warrant because it is a matter of public record).

## III. Conclusion

The judgment is affirmed.

JUDGE BERNARD and JUDGE FOX concur.