Opinion by JUDGE HAWTHORNE
¶ 1 This case addresses one of the five criteria under section 16-22-103(5)(a), C.R.S. 2017, that an offender involved in a sex offense must satisfy to be eligible to petition for exemption from sex offender registration. The criterion in question requires that
[t]he offense, as charged in the first petition filed with the court, is a first offense of either misdemeanor unlawful sexual contact, as described in section 18-3-404, C.R.S., or indecent exposure, as described in section 18-7-302, C.R.S.
§ 16-22-103(5)(a)(III).
¶ 2 I.S., a juvenile, was originally charged in a petition in delinquency with three felony counts of sexual assault on a child. Under a plea deal, the prosecution added a fourth misdemeanor count of unlawful sexual contact to its petition, to which I.S. pleaded guilty in return for the three felony counts being dismissed. But because the first petition filed with the court charged I.S. with the three felony counts of sexual assault on a child-not the misdemeanor-the district court ruled that I.S. did not satisfy section 16-22-103(5)(a)(III) and thus must register as a sex offender.
¶ 3 I.S.'s argument presents an issue of first impression: Does the meaning of "the first petition filed with the court" in section 16-22-103(5)(a)(III) encompass later amendments to that first petition? We answer this question no in Part II and affirm.
I. Judicial Notice and Mootness
¶ 4 At his first sentencing, the district court deferred I.S.'s adjudication for two years contingent on I.S. complying with the terms of his probation and ordered him to register as a sex offender. While this appeal was still pending, I.S. violated the terms of his probation. The court revoked his probation in a second sentencing and resentenced him after voiding the first sentence.
¶ 5 The People contend that I.S.'s appeal is moot because his first sentence has been revoked and replaced by a new sentence. To *871 support their contention, they point to a "register of actions" appended to their brief that shows I.S.'s first sentence is now "void" and has been replaced by a new sentence. Though this appendix is not part of the record, the People contend that we may take judicial notice of it.
¶ 6 We agree with the People that we may take judicial notice of their appendix. But we disagree that the void status of I.S.'s first sentence moots this appeal.
A. Judicial Notice
¶ 7 Under CRE 201(b), a court may judicially notice facts not subject to reasonable dispute because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." This includes "the contents of court records in a related proceeding." People v. Sa'ra , 117 P.3d 51, 56 (Colo. App. 2004). The People's appendix falls into this category.
¶ 8 I.S. argues that, even if we judicially notice the People's appendix, we cannot assume the truth of its contents. He cites to Doyle v. People , 2015 CO 10, 343 P.3d 961, to support his argument. But Doyle involved a trial court judicially noticing a case's "material adjudicative fact" as opposed to "merely taking notice of its own prior finding and the effect of that finding, as reflected in court records." Id. at ¶ 13. By noticing the People's appendix and the district court's finding in it, we recognize the procedural effect of that finding on this appeal, not any material adjudicative effect it might have on the case's merits. So Doyle does not apply.
B. Mootness
¶ 9 An appellate court will generally decline to decide an appeal's merits when later events render the issue moot. Nowak v. Suthers , 2014 CO 14, ¶ 12, 320 P.3d 340. A case is moot when a judgment would have no practical effect on an existing controversy. People v. Abdul , 935 P.2d 4, 6 (Colo. 1997). Because sex offender registration is not an element of a defendant's sentence, it is of no consequence to this appeal that the court later voided I.S.'s first sentence. See People v. Brosh , 2012 COA 216M, ¶ 9, 297 P.3d 1024 ; see also People v. Carbajal , 2012 COA 107, ¶ 37, 312 P.3d 1183. So this division's judgment will have a practical effect on whether I.S. is eligible to be exempted from sex offender registration. Thus, this appeal is not moot.
¶ 10 Still, the People argue that I.S.'s requirement to register may yet have been changed when the court resentenced him. They point to a portion of their appendix where, under the comments to the resentencing court's register of actions, the court stated, "juvenile required to register as sex offender." This language, they argue, suggests I.S. may have been required to register again, thus voiding the court's first sex offender registration order and mooting this appeal.
¶ 11 But nothing from these seven words definitively indicates that the resentencing court reimposed anew I.S.'s requirement to register as a sex offender. Instead, it is just as likely that the district court left its original registration order undisturbed when resentencing I.S. And the People do not explain why the court would have revoked its order requiring I.S. to register only to, within the same breath, require him to register again. Without a sufficient record, we cannot presume from these seven words in the People's appendix that I.S.'s requirement to register has changed since the court's original order. See People v. Duran , 2015 COA 141, ¶ 25, 382 P.3d 1237 (holding that, "[a]bsent proof to the contrary ... we presume the regularity of [the trial court's] proceedings"); see also McClain v. People , 111 Colo. 271, 274, 141 P.2d 685, 686 (1943) ("Where the record is silent the law presumes regularity.").
II. Sex Offender Registration Exemption Eligibility
¶ 12 I.S. contends that the court erred when it required him to register as a sex offender because section 16-22-103(5)(a)(III) supports a finding that he was eligible for exemption. The People disagree and contend that because I.S. agreed to "register [as a sex offender] per 16-22-102 and 16-22-103" as part of his plea deal, he should be held to that agreement. But because I.S.'s registration depended on the court's analysis of section 16-22-103(5) during his sentencing, we conclude that the registration portion of *872 his plea agreement was not an unqualified agreement by I.S. to register, so we reject the People's contention. We also conclude that I.S. does not satisfy section 16-22-103(5)(a)(III)'s criteria and is thus ineligible for exemption.
A. Standard of Review and Applicable Law
¶ 13 Interpreting section 16-22-103(5)(a)(III) is a legal question that we review de novo. People in Interest of J.O. , 2015 COA 119, ¶ 7, 383 P.3d 69. Our primary objective when interpreting a statute is to effectuate the General Assembly's intent by looking at the plain meaning of the language it used, considered within the statute's context as a whole. Id. at ¶ 8. We do not resort to legislative history or other statutory construction rules if the language is clear and unambiguous. Id. We also do not presume that the legislature used language idly with no intent that meaning should be given to it. Id. Rather, "we strive to interpret statutes in a manner that avoids rendering any provision superfluous." Id. (citation omitted).
¶ 14 Under section 16-22-103(5)(a), a court may exempt a person from registering as a sex offender when five criteria are met. This includes-as relevant here- section 16-22-103(5)(a)(III) :
The offense, as charged in the first petition filed with the court, is a first offense of either misdemeanor unlawful sexual contact, as described in section 18-3-404, C.R.S., or indecent exposure, as described in section 18-7-302, C.R.S.
Thus, for a juvenile to be eligible for exemption, the first petition filed with the court must charge a misdemeanor offense of either unlawful sexual contact or indecent exposure.[1]
B. Relevant Procedure
¶ 15 At sentencing, I.S. argued that because the prosecution had added a misdemeanor offense to the first petition instead of filing a second petition, his misdemeanor offense had been "charged in the first petition filed with the court," as required by section 16-22-103(5)(a)(III). But the magistrate reasoned that the words "first petition" meant the first charging document filed with the court, not a later amended version of that same document. The magistrate then concluded that I.S. did not satisfy section 16-22-103(5)(a)(III) because his misdemeanor offense was not included when the prosecution first filed its petition with the court.
¶ 16 The district court reviewed I.S.'s appeal of the magistrate's order and agreed with the magistrate, but interpreted the words "first petition" to mean the first petition that includes a charge based on the offender's sexual conduct that mandates registration, not necessarily the first charging document filed.[2] So, because the conduct as to which I.S. pleaded guilty-inappropriately touching his stepsister-was first charged with only three felony counts of sexual assault on a child, he did not satisfy section 16-22-103(5)(a)(III)'s criteria for exemption.
C. Analysis
¶ 17 First, we agree with I.S. and the People that section 16-22-103(5)(a)(III) is unambiguous. See People in Interest of J.O. , ¶ 10 ("To begin, we agree with [the juvenile] and the Attorney General that section 16-22-103(5)(a)(III) is unambiguous."). So we look at the statute's plain language considered within its context as a whole. See id. at ¶ 8 ; see also People v. Brooks , 2012 COA 52, ¶ 7, 296 P.3d 216 ("To determine the General Assembly's intent in enacting a statute, courts look first to the plain language of the statute and interpret statutory terms in accordance with their commonly accepted meaning.") (citation omitted).
*873 ¶ 18 Under the statute's plain language, we conclude that the words "as charged in the first petition filed with the court" in section 16-22-103(5)(a)(III) mean the first petition filed with the court. As the district court observed, the choice of the words "first petition" plainly indicates that amended or subsequent petitions do not satisfy the statute's requirements. The legislature used the word "first." See People v. Gookins , 111 P.3d 525, 528 (Colo. App. 2004) ("It is presumed that the legislature understands the import of the words it uses and is deliberate in its choice of language."). So we interpret that to literally mean the first petition filed with the court.
¶ 19 But I.S. argues that the words "first petition" mean, instead, the original petition filed with the court and any amendments to it. So according to him, because the prosecution decided to amend its original petition by a motion to include the unlawful sexual contact count-instead of filing a second, separate petition-the court erred when it concluded that I.S.'s offense was not charged in the "first petition." This interpretation is flawed for two reasons.
¶ 20 First, it ignores the phrase "filed with the court" that follows the words "first petition." See § 16-22-103(5)(a)(III) ("as charged in the first petition filed with the court ") (emphasis added). If, as I.S. argues, the General Assembly meant "first petition" to encompass both the original petition as well as any later amendments, the language "filed with the court" would not have been needed. But that language was included. See People v. Null , 233 P.3d 670, 679 (Colo. 2010) ("We also avoid interpretations that would render any words or phrases superfluous...."); see also People in Interest of J.O. , ¶ 8 (We "do not presume that the legislature used language idly and with no intent that meaning should be given to its language.") (citation omitted).
¶ 21 Second, I.S.'s interpretation ignores the General Assembly's decision not to add any additional language encompassing later amendments. For example, it could have written the statute to read, "... as charged in the first petition filed with the court or any later amendments ...." Had the General Assembly intended to encompass later amendments to the first petition, it could have used such express language. See, e.g. , People v. Moore , 2013 COA 86, ¶ 14, 338 P.3d 348 ("[H]ad the legislature intended that the statute cover victims who were not public employees, it could have done so by express language.").
¶ 22 I.S. also argues that the statute's plain language is problematic because it encourages prosecutors to overcharge juveniles at the outset to eliminate the court's ability to determine when exemptions from the registration requirement are appropriate. But even if the plain language may allow a prosecutor to usurp the court's discretion by overcharging, the "mere opportunity for vindictiveness is insufficient to justify the imposition of a prophylactic rule." United States v. Goodwin , 457 U.S. 368, 384, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) ; see also People in Interest of T.B. , 2016 COA 151M, ¶ 65, --- P.3d ---- ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.") (citation omitted).
¶ 23 In sum, we reject I.S.'s interpretation and conclude that the district court did not err because the words "as charged in the first petition filed with the court" in section 16-22-103(5)(a)(III) plainly mean the original petition as it appeared when it was first filed with the court and not any amendments or subsequent petitions.
III. Conclusion
¶ 24 The order is affirmed.
JUDGE DAILEY and JUDGE WELLING concur.

Effective January 1, 2018, an additional offense will be added: sexual exploitation of a child in which a person's conduct is limited to the elements of posting or possessing private images by a juvenile. Ch. 390, sec. 2, § 16-22-103, 2017 Colo. Sess. Laws 2013.

As the district court explained, its interpretation avoids a scenario where a juvenile is first charged with a nonsexual offense, and then later is charged in an amended petition with a sexual offense of either misdemeanor unlawful sexual contact or indecent exposure. The court said that such a procedural scenario would lead to the absurd result of the later charge failing to meet the requirement of section 16-22-103(5)(a)(III), C.R.S. 2017, of being "charged in the first petition filed with the court."