24CA0125 Frazier v SummitStone Health 09-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0125
Larimer County District Court No. 23CV160
Honorable Joseph D. Findley, Judge

James Frazier,

Plaintiff-Appellant,

v.

SummitStone Health Partners, a Colorado nonprofit corporation,

Defendant-Appellee.

APPEAL DISMISSED IN PART AND JUDGMENT AFFIRMED

Division I
Opinion by JUDGE LIPINSKY
J. Jones and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 19, 2024

James Frazier, Pro Se

Greenberg Traurig, LLP, Camille Papini-Chapla, Mary Katherine Andrews,
Denver, Colorado, for Defendant-Appellee

¶ 1 James Frazier appeals the district court's orders dismissing his breach of contract and negligence claims, and denying his motions for injunctive relief, against SummitStone Health Partners. We dismiss the appeal in part and otherwise affirm the judgment.

## I. Background Facts and Procedural History

¶ 2 For purposes of reviewing the court's orders, we accept the factual allegations in Frazier's pleadings as true. *See Ditirro v. Sando*, 2022 COA 94, ¶ 31, 520 P.3d 1203, 1208. Frazier alleged the following facts.

¶ 3 Frazier describes himself as "a person who is almost totally blind" and who receives Social Security Disability Income (SSDI). He has worked as an attorney, a stand-up comedian, and an author.

¶ 4 In February 2023, after Frazier threatened violence against his family and himself, the La Plata County Court entered an extreme risk protective order (ERPO) against him under section 13-14.5-105, C.R.S. 2024. Frazier stipulated to entry of the ERPO.

¶ 5 Following entry of the ERPO, Frazier went to SummitStone for "out patient mental health treatment." On January 26, 2023, SummitStone gave Frazier "a treatment plan that only addressed

1

issues related to mental health and therapy." (Because Frazier attached the treatment plan to his complaint as an exhibit, we can consider it as part of our de novo review of the court's dismissal orders. *See Prospect Dev. Co. v. Holland & Knight, LLP*, 2018 COA 107, ¶ 11, 433 P.3d 146, 149. To the extent that the treatment plan contradicts Frazier's allegations regarding that document, we deem the language of the treatment plan controlling. "[I]n a motion to dismiss, [a court] must take the plaintiff's well-pleaded facts as true, [but] when an exhibit . . . 'incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss.'" *Esco v. City of Chicago*, 107 F.4th 673, 678-79 (7th Cir. 2024) (quoting *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013)).)

¶ 6     In his complaint, Frazier alleged that he "tendered" the treatment plan to the La Plata County Court, the treatment plan "was incorporated into the disposition" of the case in which the court entered the ERPO, and his successful completion of the treatment plan would "result in dismissal" of the ERPO case. (We take judicial notice of the ERPO. *See Doyle v. People*, 2015 CO 10, ¶ 11, 343 P.3d 961, 965. Nothing in the ERPO supports Frazier's

2

allegation that, by completing the treatment plan, he could obtain a dismissal of the ERPO case.)

¶ 7    Frazier contends that, although the treatment plan was initially limited to group therapy and individual counseling sessions, it was later expanded to include "wrap around services," including career counseling.

¶ 8    In May 2023, Frazier filed a civil action against SummitStone. He asserted four claims, two of which — claims for breach of contract and negligence — are the subject of this appeal.

¶ 9    In his complaint, Frazier alleged that the treatment plan was a contract between himself and SummitStone. He further alleged that "SummitStone breached [its] contract by providing services to Mr. Frazier that were 1) not outlined in that contract, 2) not desired by Mr. Frazier . . . and 3) that willful [sic] disregarded Mr. Frazier's eyesight issues and SSDI issues." Specifically, Frazier contended that SummitStone disregarded his desire for "assurance that they will safeguard his SSDI benefits as they help him with employment issues." But nothing in the treatment plan refers to or addresses Frazier's SSDI benefits.

¶ 10 Frazier pleaded that his continued eligibility for SSDI benefits depends, at least in part, on the amount of income he receives through his employment. He alleged that "SSDI has specific timelines for launching a career" and that "SSDI benefits may terminate if a person successfully launches a career." For this reason, he sought employment that would not impact his ability to receive SSDI.

¶ 11 In addition, Frazier pleaded that SummitStone was negligent because it failed to fulfill its "duty to investigate the issues that mattered to [him], including eyesight issues, SSDI, and the legal market in Colorado."

¶ 12 Frazier later filed a "Supplemental Pleading," in which he reasserted his negligence claim and added allegations that SummitStone had "interfered with [his] primary health insurance" by "preventing [him] from terminating his Medicare Part B insurance."

¶ 13 In addition, in September 2023, he filed a motion for a preliminary injunction to enjoin SummitStone from "having any voice, vote, or opinion related to Mr. Frazier's career, employment, or income." A week later, he filed a separate motion for "expanded

injunctive relief" to enjoin SummitStone from "providing any service to Mr. Frazier other than one hour counseling sessions." The court denied both motions in October 2023.

¶ 14     SummitStone subsequently moved to dismiss Frazier's claims for failure to state a claim under C.R.C.P. 12(b)(5). The court granted SummitStone's motion.

¶ 15     Frazier appeals the orders denying his motions for injunctive relief and granting SummitStone's motion to dismiss.

## II.     Analysis

### A.     Frazier's Motions for Injunctive Relief Are Moot

¶ 16     As an initial matter, we hold that Frazier's motions for injunctive relief are moot.

¶ 17     We lack jurisdiction to review moot issues. *See Davidson v. Comm. for Gail Schoettler, Inc.*, 24 P.3d 621, 623 (Colo. 2001) ("Courts must confine their exercise of jurisdiction to cases that present a live case or controversy."). "A case is moot when a judgment, if rendered, would have no practical legal effect upon the existing controversy." *Van Schaack Holdings, Ltd. v. Fulenwider*, 798 P.2d 424, 426 (Colo. 1990). "The general rule is that when issues presented in litigation become moot because of subsequent

events, an appellate court will decline to render an opinion on the merits of an appeal." *Id.* at 426-27.

¶ 18     In his motions for injunctive relief, Frazier sought orders enjoining SummitStone from providing any further career counseling to him. We conclude that such an order "would have no practical legal effect upon the existing controversy," *id.* at 426, and is therefore moot, for two reasons.

¶ 19     First, as the court observed, Frazier conceded that his treatment plan "only addressed issues related to mental health and therapy." Nothing in the treatment plan or the ERPO provided that SummitStone could compel Frazier to accept additional services he did not wish to receive. Accordingly, at all times relevant to this appeal, Frazier possessed the power to terminate the career counseling. In correspondence that Frazier attached as an exhibit to one of his filings in the district court, SummitStone confirmed that Frazier

> made clear that you do not wish to have SummitStone Health Partners, or its staff . . . assist you with any employment-related endeavors for you in connection with your care. We can certainly agree to that under your current care plan, which lack[s] any

government agency orders to provide such services to you.

¶ 20  Frazier acknowledged this communication but informed SummitStone that he would nonetheless seek judicial relief to ensure that SummitStone did not provide him with career counseling.

¶ 21  Second, and more significantly, Frazier left SummitStone after filing this case, telling SummitStone that he was "terminat[ing] treatment" because he "did what [he] needed for the ERPO." Frazier provides no support for his contention that SummitStone could force him to engage in any form of treatment or career counseling. The treatment plan does not say that SummitStone can force Frazier to do anything. Thus, entry of the preliminary injunctions that Frazier sought would be meaningless; his motions for preliminary injunction are moot because any order granting them would "have no practical legal effect upon the existing controversy." *Id.*

¶ 22  For these reasons, we dismiss Frazier's appeal of the court's denial of his motions for injunctive relief. (Frazier's breach of

7

contract and negligence claims are not similarly moot because, in those claims, he sought money damages from SummitStone.)

### B. The Court Correctly Dismissed Frazier's Breach of Contract and Negligence Claims

#### 1. Standard of Review

¶ 23    "We review de novo a trial court's ruling on a motion to dismiss." *Patterson v. James*, 2018 COA 173, ¶ 16, 454 P.3d 345, 350. "We apply the same standards as the trial court, accepting all of the factual allegations in the complaint as true and viewing those allegations in the light most favorable to the plaintiff." *Id.*

¶ 24    "To survive summary dismissal for failure to state a claim under Rule 12(b)(5), a party must plead sufficient facts that, if taken as true, suggest plausible grounds to support a claim for relief." *Id.* at ¶ 23, 454 P.3d at 351; *see also Warne v. Hall*, 2016 CO 50, ¶ 15, 373 P.3d 588, 593.

#### 2. The Court Correctly Dismissed the Breach of Contract Claim

¶ 25    Frazier alleged that SummitStone breached the alleged contract — his treatment plan — by providing him with services not specified in the treatment plan or that he did not want — career

counseling — and by allegedly ignoring his eyesight and SSDI issues.

¶ 26      To state a breach of contract claim, a plaintiff must allege (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *See W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

¶ 27      The court dismissed Frazier's breach of contract claim for two reasons. First, the court concluded that Frazier had not pleaded a "bargained-for exchange" between himself and SummitStone because although Frazier argued that SummitStone "receives financial compensation from Medicaid in exchange for mental health services," he "did not plead this fact or any other facts showing valuable consideration." The court noted that "insurance payments to [SummitStone] would not be considered valuable consideration," citing *Bailey v. Allstate Insurance Co.*, 844 P.2d 1336, 1339 (Colo. App. 1992).

¶ 28      Second, the court concluded that Frazier failed to plead "any damages other than the generic statement that he was 'damaged by this conduct,'" meaning SummitStone's provision of career

counseling services to him. The court further noted that, "this conduct being voluntary, [Frazier] is free to cease services through [SummitStone] as he wishes."

¶ 29    We affirm the court's dismissal of Frazier's breach of contract claim because, even assuming his treatment plan constituted a contract, Frazier failed to plead sufficiently that the purported breach resulted in damages to him.

¶ 30    Specifically, Frazier failed to plead a plausible claim that the three actions that constituted the purported breach of contract — providing services "not outlined in that contract," providing services "not desired by . . . Frazier," and willfully disregarding Frazier's "eyesight issues and SSDI issues" — caused him damages. Frazier's breach of contract claim contains the conclusory statement that he "was damaged by" SummitStone's breach of the treatment plan. The complaint does not indicate how any of those alleged breaches could have resulted in damages to Frazier.

¶ 31    Frazier identifies only one specific example of damages attributable to SummitStone. And those damages are speculative. He alleged that, since he began performing standup comedy at "Comedy Fort," someone followed him home from the club. Frazier

10

alleged that "SummitStone damaged . . . Frazier if they sent employees to Comedy Fort to follow him." But these alleged damages do not relate to the treatment plan.

¶ 32     In sum, Frazier did not allege that he lost any benefits or income as a consequence of SummitStone's purported breach of contract. Therefore, Frazier's breach of contract claim is not plausible and must be dismissed. *See Adams Cnty. Hous. Auth. v. Panzlau*, 2022 COA 148, ¶ 51, 527 P.3d 440, 449-50 ("[D]espite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." (quoting *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008))).

¶ 33     Accordingly, we hold that the court correctly dismissed Frazier's breach of contract claim.

        3.    The Court Correctly Dismissed the Negligence Claim

¶ 34     Frazier's complaint articulates an expansive theory of negligence — that "SummitStone had a duty to investigate the issues that mattered to [Frazier] including eyesight issues, SSDI, and the legal market" and breached that duty.

11

¶ 35  To establish a negligence claim, a plaintiff must plead (1) a legal duty of care; (2) breach of that duty; (3) injury; and (4) causation. *N.M. v. Trujillo*, 2017 CO 79, ¶ 23, 397 P.3d 370, 374.

¶ 36  The court concluded that, "[a]lthough there are arguably sufficient facts [pleaded] for purposes of establishing [a] duty to [Frazier], [his] claim for negligence cannot proceed because of [his] lack of injury." Specifically, the court said that Frazier's alleged "damages are hypothetical" and he "pleads no other facts of an actual loss in income, only the potential for benefits to be affected."

¶ 37  We hold that the court correctly dismissed Frazier's negligence claim. As explained above, Frazier did not plead a plausible claim that he suffered any injury — such as a loss of SSDI — as a result of SummitStone's alleged breach of a duty it owed to him. Moreover, his negligence claim only alleged potential future damages. Thus, we need not decide whether SummitStone owed a duty of care to Frazier and, if so, whether SummitStone breached it.

### III. Attorney Fees

¶ 38  SummitStone requests an award of attorney fees under C.A.R. 38(d), on the grounds that "Frazier's appeal is frivolous as it is moot and meritless, without a rational argument based on evidence or

law to support his claims." We decline to grant this undeveloped request. *See* C.A.R. 39.1 ("If attorney fees are recoverable for the appeal, the principal brief of the party claiming attorney fees must include a specific request, and explain the legal and factual basis, for an award of attorney fees. Mere citation to this rule or to a statute, without more, does not satisfy the legal basis requirement."); *Sos v. Roaring Fork Transp. Auth.*, 2017 COA 142, ¶ 59, 487 P.3d 688, 701 (declining to grant undeveloped request for appellate fees).

## IV. Disposition

¶ 39 The appeal is dismissed in part and the judgment is affirmed.

JUDGE J. JONES and JUDGE SULLIVAN concur.