24CA1949 Kuretich v Smith 11-13-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1949
Fremont County District Court No. 24CV1013
Honorable Lynette M. Wenner, Judge

Tyler Kuretich,

Plaintiff-Appellant,

v.

Michelle Smith,

Defendant-Appellee.

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE LIPINSKY
Dunn and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 13, 2025

Tyler Kuretich, Pro Se

Michelle Smith, Pro Se

¶ 1     Tyler Kuretich appeals the district court's judgment in his wrongful eviction case against Michelle Smith, on the grounds that the court did not grant him an adequate remedy.  We affirm.

## I.    Background

¶ 2     At a bench trial, the court heard testimony from the parties, both of whom appeared pro se, and made factual findings.  A transcript of the hearing is not included in the appellate record, however.

¶ 3     Kuretich and Smith orally agreed that Kuretich, who needed a place to live, could reside on Smith's property in a camper that she owned.  In exchange, the parties agreed that Kuretich would perform work for Smith, including property maintenance and animal care.  Smith originally allowed Kuretich to enter her home to access water and electricity.  The parties did not establish a timeframe or end date for the arrangement.  At some point, Smith told Kuretich that he could keep the camper.

¶ 4     After a dispute arose between the parties, Smith asked Kuretich to leave her property.  When he refused, Smith restricted his access to her home.  Smith then sold the camper and forced Kuretich to vacate it without notice, hoping that doing so would

cause him to leave her property. But Kuretich slept in his car on Smith's property. Kuretich finally left the property after Smith obtained a temporary protection order against him. He then filed this wrongful eviction case.

¶ 5    The court found that the parties entered an oral agreement for a month-to-month tenancy with an uncertain end date. It concluded that Smith "wrongfully evicted" Kuretich and ordered her to return the camper (or its value of $1,200) to Kuretich. It also ordered her to reimburse Kuretich for a $199 veterinary bill that he apparently incurred while caring for her animals.

¶ 6    The court did not, however, award Kuretich the full amount of damages he requested, which included $1,000,000 and a criminal fine for Smith's alleged stalking. He accused Smith of stalking him because she installed security cameras on her property and declined to provide him with copies of the security videos. The court found that the requested damages and fine were "completely unreasonable and without merit" and that the evidence did not support them. (The court also rejected Kuretich's argument that he was entitled to $5,000 in damages based on Smith's "outrageous conduct," which Kuretich does not challenge on appeal.) Smith

complied with the order, reimbursed Kuretich for the veterinary bill, and relinquished ownership of the camper to Kuretich.

¶ 7    Kuretich then filed motions for "clarification" of the court's order, contending that he was entitled to (1) compensation for various state and federal crimes and civil offenses that Smith committed; (2) copies of the surveillance videos; and (3) possession of Smith's property and home.  The court denied Kuretich's motions.

## II.    Analysis

¶ 8    On appeal, Kuretich asserts that the court erred by rejecting his requests for relief in addition to the value of the camper and reimbursement of the veterinary bill.  He asks this court to award him "possession of the stolen property and bedroom camper along with restitution in the exact amount of $1,000,000.00 [and] treble charges applied as legal relief from the crime that [Smith] and affiliates committed and the hardship the appellant was forced to deal with."  Kuretich further asserts that, "at the minimum," he should have "restoration of the premises and contents including the bedroom camper and $1,000,000.00 monetary restitution,

surveillance and the arrest of all parties involved including judicial and law enforcement."

## A. Preservation

¶ 9 Kuretich did not preserve his argument that he was entitled to "the arrest of all parties involved including judicial and law enforcement" because he did not present such argument to the district court. To preserve an issue for appeal, a party must bring the issue to the court's attention so the court has the opportunity to rule on it. *Berra v. Springer & Steinberg, P.C.*, 251 P.3d 567, 570 (Colo. App. 2010); *see also Brown v. Am. Standard Ins. Co. of Wis.*, 2019 COA 11, ¶ 21, 436 P.3d 597, 600 ("It is axiomatic that in civil cases, issues not raised in or decided by the trial court generally will not be addressed for the first time on appeal."). Thus, this court will not address the contention. (Even if Kuretich had preserved this argument, he fails to cite any statute authorizing a private right of action premised on the criminal acts he alleged. *See Winninger v. Kirchner*, 2021 CO 47, ¶ 34, 488 P.3d 1091, 1097 (explaining that, "absent any language authorizing a private right of action," a criminal statute will not support a claim in a civil action based on the alleged violation of the statute).)

¶ 10    In contrast, Kuretich preserved his requests for $1,000,000 in damages, possession of Smith's property, possession of the camper, and copies of the surveillance videos.

## B.    Standard of Review

¶ 11    A plaintiff bears the burden of proving both the fact and the amount of damages. *Veolia Water Techs., Inc. v. Antero Treatment LLC*, 2024 COA 126, ¶ 136, 564 P.3d 1089, 1114.

¶ 12    "The trial court 'has the sole prerogative to assess the amount of damages, and its award will not be set aside unless it is manifestly and clearly erroneous.'" *Ute Water Conservancy Dist. v. Fontanari*, 2022 COA 125M, ¶ 52, 524 P.3d 308, 318 (quoting *In re Estate of Chavez*, 2022 COA 89M, ¶ 52, 520 P.3d 194, 205).  But whether the court "misapplied the law when determining the measure of damages presents a question of law that we review de novo." *Id.* (quoting *Estate of Chavez*, ¶ 52, 520 P.3d at 205).

## C.    Kuretich Is Not Entitled to His Requested Relief

¶ 13    In his opening brief, Kuretich cites section 38-12-510(1), C.R.S. 2025, which provides, "It is unlawful for a landlord to remove or exclude a tenant from a dwelling unit without resorting to court process . . . ."  The statute allows a wrongfully evicted tenant to

recover "statutory damages equal to the tenant's actual damages and the higher amount of either three times the monthly rent or five thousand dollars, as well as any other damages, attorney fees, and costs that may be owed." § 38-12-510(2). It also gives the court discretion to "order that possession be restored to a tenant who was affected by a violation of this section." § 38-12-510(3).

¶ 14    Kuretich fails to provide any legal basis supporting his request for $1,000,000 in damages. To the extent that he argues section 38-12-510(2) entitles him to such an award, he did not prove that he incurred actual damages in that amount. *See Veolia Water Techs.*, ¶ 136, 564 P.3d at 1114. The court found that, apart from the value of the camper and the amount of the veterinary bill, Kuretich presented "no evidence of any other actual costs owed."

¶ 15    Because the record does not contain a transcript of the bench trial, we presume that the court's findings and conclusions are supported by the evidence. *See Love v. Klosky*, 2016 COA 131, ¶ 18, 417 P.3d 862, 864, *aff'd*, 2018 CO 20, 413 P.3d 1267; *see also People in Interest of I.S.*, 2017 COA 155, ¶ 11, 415 P.3d 869, 871 ("Where the record is silent the law presumes regularity." (quoting *McClain v. People*, 141 P.2d 685, 686 (Colo. 1943))).

¶ 16    Although section 38-12-510(3) gives a court discretion to order restoration of a tenant's possession of the premises from which the tenant was wrongfully evicted, Kuretich fails to assert any legal basis for possession of Smith's property and home. Further, the court found, "This tenancy was very short in duration and after such an escalation and exchange of words, regardless of blame, it is not surprising that [Smith] wanted to end this landlord/tenant relationship." The exhibits from the bench trial support the court's finding and underlying determination that any restoration of the previously agreed-upon living arrangement would be inappropriate under the circumstances. We perceive no abuse of discretion in the court's decision not to award Kuretich possession of Smith's property or residence.

¶ 17    Kuretich next asks this court to award him "possession of the bedroom camper." But the district court already granted Kuretich this remedy. Moreover, Kuretich appended to one of his "motions to clarify" a copy of a bill of sale transferring ownership of the camper from Smith to Kuretich, indicating that Smith complied with the court's transfer order. Thus, the record establishes that Kuretich's claim for possession of the camper is moot. *See DePriest v. People,*

2021 CO 40, ¶ 8, 487 P.3d 658, 662 ("When an actual controversy no longer exists, an issue becomes moot because any relief granted by the court would have no practical effect.").

¶ 18    Finally, Kuretich did not plead and has not established a possessory right to the surveillance videos. *See Woo v. Baez*, 2022 COA 113, ¶ 22, 522 P.3d 739, 747 (Replevin — a "possessory action in which a claimant seeks to recover both possession of personal property that has been wrongfully taken or detained and damages for its unlawful detention" — requires that a plaintiff prove the "basic element[]" of "the plaintiff's ownership or right to possession." (citation omitted)); C.R.C.P. 104.  To the extent Kuretich argues that the videos provide evidence of stalking or any other criminal offense, Kuretich may contact the district attorney regarding prosecuting Smith's alleged crimes.  *See Kailey v. Chambers*, 261 P.3d 792, 798 (Colo. App. 2011) ("[I]n American jurisprudence at least, a private citizen [ordinarily] lacks a judicially cognizable interest in the prosecution or nonprosecution of another." (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))).

### III.    Disposition

¶ 19    The judgment is affirmed.

JUDGE DUNN and JUDGE KUHN concur.